## MISCELLANEOUS DISMISSALS

**2007–0724. State ex rel. Cleaver v. Singer.**
In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus. Upon consideration of relator's application for dismissal,

It is ordered by the court that the application for dismissal is granted. Accordingly, this cause is dismissed.

## MISCELLANEOUS ORDERS

**In re Collection of Delinquent Monetary Sanctions for Noncompliance with Continuing Legal Education Requirements**

Pursuant to Gov.Bar R. X, the court has imposed monetary sanctions against attorneys who have failed to satisfy the continuing education requirements set forth in that rule. The Commission on Continuing Legal Education has undertaken efforts to collect delinquent monetary sanctions imposed against attorneys for noncompliance with continuing legal education requirements prior to and through the 2003–2004 reporting period.

The Commission on Continuing Legal Education now requests authority to settle certain unpaid sanctions by accepting, with conditions, payment of a monetary sanction that is less than the sanction originally ordered by the court. The court hereby grants the Commission on Continuing Legal Education, and its authorized representatives, the authority to negotiate and effect a settlement of unpaid monetary sanctions imposed pursuant to Gov.Bar R. X prior to and through the 2003–2004 reporting period, subject to the following conditions:

The Commission on Continuing Legal Education, directly or through its authorized representatives, or both, must attempt to obtain payment for the full sanction ordered by the court. Settlement negotiations may commence only after it becomes apparent that the attorney is unable to pay the full sanction ordered by the court.

The Commission on Continuing Legal Education, or its authorized representatives, shall not negotiate or agree to a settlement that represents less than one-half of the total of all monetary sanction imposed by the court pursuant to Gov.Bar R. X.

Settlements may be negotiated with attorneys who are not permitted to engage in the practice of law in Ohio by virtue of their registration for inactive or retired status pursuant to Gov.Bar R. VI, their suspension from the practice of law pursuant to Gov.Bar R. V, VI, or X, or their disbarment or resignation from the practice of law.

The settlement agreement shall contain a provision stating that if the attorney wishes to resume the practice of law in Ohio, the attorney must first pay the entire sanction imposed by the court and all other accrued costs and interest, less any amount paid pursuant to a negotiated settlement.

## MEDIATION REFERRALS

The following case has been referred to mediation pursuant to S.Ct.Prac.R. XIV(6):

**2007–0881. State ex rel. Ohio State Univ. Hosp. v. Indus. Comm.**
Franklin App. No. 06AP–282.

The following case has been returned to the regular docket pursuant to S.Ct.Prac.R. XIV(6)(E):

**2006–2239. State ex rel. Cincinnati Enquirer v. Jones–Kelley.**
In Mandamus.